UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| ROBERT DECKER, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 2:18-cv-00031-JMS-MJD |
| J. E. KRUEGER,[1] | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Robert Decker for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. 2933670.[2] For the reasons explained in this Entry, Mr. Decker's habeas petition must be **denied**.

## I. Overview

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005). In the prison disciplinary context, due process requires that the prisoner receive (1) written notice of the disciplinary charges at least 24 hours before the hearing; (2) the opportunity to be heard before an impartial decision maker; (3) an opportunity, when consistent with institutional safety and correctional goals, to call

---

[1] Because the petitioner is now incarcerated at the United States Penitentiary in Marion, Illinois **the clerk is directed to** substitute the Warden of the United States Penitentiary in Marion, Illinois as the respondent in this action.

[2] The parties have also referred to this disciplinary action as No. 896643-A1. This appears to be the number assigned to the administrative remedy process initiated after the disciplinary hearing. For clarity and consistency, the Court will refer to the disciplinary action by the number listed on the incident report which is Incident No. 2933670.

witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *McPherson v. McBride*, 188 F.3d 784, 785-86 (7th Cir. 1999); *see, e.g.*, *Wolff v. McDonnell,* 418 U.S. 539, 564-71 (1974).

## II. The Disciplinary Proceeding

Mr. Decker is a federal inmate currently incarcerated at the United States Penitentiary located in Marion, Illinois.[3] On December 28, 2016, while incarcerated at the Federal Detention Center in Miami, Florida, Mr. Decker received an incident report for Use of Telephone for an Illegal Purpose, Code 197, and Introduction or Making of Narcotics, Code 111(a). Mr. Decker received a copy of the incident report on December 29, 2016. The incident report states that Mr. Decker had a telephone conversation with a female caller who discussed bringing the "bread and butter." The writer of the incident report states that "bread and butter" is often slang for money and heroin. The caller also told Mr. Decker that she "got what you want" and would "put it in a plastic bag," to which Mr. Decker replied, "no, just put it in a condom." In another telephone call on the same day, a female discusses bringing a phone and pills to Mr. Decker the following day.

Mr. Decker's disciplinary hearing was conducted on January 19, 2017. The parties dispute whether Mr. Decker requested a staff representative or to call witnesses. The hearing officer found that Mr. Decker had used a telephone for an illegal purpose. The hearing officer

---

[3] Although the petitioner is no longer incarcerated in this District, and the disciplinary action challenged in the petition occurred outside this District, the petitioner was incarcerated in this District when he filed his petition. The matter was fully briefed before the Court learned of the petitioner's transfer out of the District. In the interests of judicial economy, the Court exercises its discretion to decide the matter rather than transfer it to the petitioner's current District. *See Moore v. Olson*, 368 F.3d 757, 759-60 (7th Cir. 2004) (the location of collateral litigation pursuant to § 2241 is a matter of venue).

did not find that Mr. Decker had violated Code 111(a), Introduction of Any Narcotics. Mr. Decker's sanctions included the loss of 40 days of good-time credit.

The parties dispute whether Mr. Decker exhausted his administrative remedies before bringing this petition for writ of habeas corpus. The respondent filed his return to the order to show cause on May 9, 2018. Mr. Decker filed his reply on June 1, 2018. The action is now ripe for review.

### III. Analysis

**A. Exhaustion**

As a preliminary matter, the respondent argues that Mr. Decker failed to exhaust his available administrative appeals regarding the issues in the petition. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

In this case, considering petitioner's claims on the merits rather than first resolving the exhaustion issue will most likely promote judicial economy. The review permitted of the challenged proceeding is narrow, and is based on an expanded record of the charge, notice, evidence, hearing, and decision. It appears to be an inefficient use of the Court's resources and the parties' time to become invested in untangling the parties' dispute about whether Mr. Decker exhausted his administrative remedies.

**B. Mr. Decker's Grounds for Relief**

Because Mr. Decker sought to challenge three disciplinary actions in one petition,[4] it is difficult to discern what grounds for relief he alleges in each action. His petition raises twenty grounds for relief. Because some of the grounds for relief are repetitive or are not directed at the conduct report at issue in this action, the Court construes the petition to raise the following claims:

1. The revocation of good-time credit violates the Equal Protection Clause of the Fourteenth Amendment.

2. Mr. Decker was denied a staff representative.

3. Mr. Decker was not allowed to call witnesses or present evidence in his defense.

4. Mr. Decker was deprived of good-time credit while he was a pre-trial detainee.

5. Mr. Decker attempted to exhaust his administrative remedies but those remedies were made unavailable to him through the acts of prison officials.

6. Mr. Decker was deprived of commissary, visits and phone privileges.

7. The hearing officer was biased because he was an employee of the Federal Bureau of Prisons (the BOP).

8. The BOP only requires one hearing officer to find an inmate guilty of a disciplinary infraction.

9. There is no opportunity in the BOP for good-time credit to be restored.

10. Time spent in the secured housing unit pending disciplinary proceedings is not applied to any disciplinary segregation sanction imposed.

11. There is no recording device at the disciplinary hearing.

12. The BOP is not authorized to require inmates to serve more than the 85% of their sentence Congress imposes by statute.

The Court will address each ground for relief in turn.

   **1. Equal Protection Claim**

---

[4] The other two challenged disciplinary actions were severed into two new cases: 2:18-cv-00022-JRS-DLP and 2:18-cv-00032-JMS-DLP.

Mr. Decker asserts that the revocation of good-time credit violates the Equal Protection Clause of the Fourteenth Amendment because there are classes of inmates, including those with life sentences, who cannot lose good-time credit. This argument is frivolous. Inmates with life sentences cannot gain or lose good-time credit for the obvious reason that they have a life sentence. Other classes of inmates pointed out by Mr. Decker, such as federal inmates in private or state prisons, are presumably subject to the disciplinary policies of those institutions. Mr. Decker is not entitled to relief on this ground.

### 2. Lay Advocate

Mr. Decker claims he is entitled to relief because he was denied a staff representative. "[D]ue process d[oes] not require that the prisoner be appointed a lay advocate, unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quoting *Wolff*, 418 U.S. at 570); *see Wilson-El v. Finnan*, 263 Fed. Appx. 503, 506 (7th Cir. 2008). Mr. Decker does not claim to be, nor, given the quality of his written submissions to the Court, does he appear to be, illiterate. Neither the issues raised in his disciplinary action nor those raised in his petition are complex. He is therefore not entitled to relief on this ground.

### 3. Denial of Witnesses and Evidence

Mr. Decker next claims that he was not allowed to call witnesses or present evidence in his defense. "Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974)). However, "prisoners do not have the right to call witnesses whose testimony would be irrelevant,

repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Although the respondent does not provide a reason for denying Mr. Decker witnesses, Mr. Decker does not allege what witnesses he was denied or how their expected testimony would have been exculpatory. Because Mr. Decker has not shown how he was prejudiced by the alleged denial of witnesses, he is not entitled to relief on this ground.

### 4. Disciplined as a Pre-Trial Detainee

Mr. Decker asserts that he was not sentenced for his criminal convictions until February 2017, well after the disciplinary infraction and hearing. Although pre-trial detainees cannot accrue good-time credit, they can be recommended for it in the event they are convicted. *See* 28 C.F.R. § 523.17(1). This recommendation can be reduced if the pretrial detainee fails to comply with prison regulations. 18 U.S.C. § 3624(b)(1). Imposing sanctions on a pretrial detainee for misconduct committed during his detention is "constitutional if it also serves some legitimate governmental objective such as addressing a specific institutional violation and is not excessive in light of the seriousness of the violation." *Bell v. Wolfish,* 441 U.S. 520, 538–39 (1979). Therefore, although Mr. Decker technically had no good-time credits at the time of his disciplinary hearing, it was within the discretion of the prison to reduce the number of days of good-time credit for which he could be recommended upon his conviction. *See Resnick v. Adams,* 37 F.Supp.2d 1154 (C.D.Cal.1999); *Troiano v. Thomas*, No. 3:11-CV-01004-BR, 2012 WL 2522291, at *4–5 (D. Or. June 28, 2012). Mr. Decker is therefore not entitled to relief on this ground.

### 5. Unavailability of Administrative Remedies

Mr. Decker alleges that he attempted to exhaust his administrative remedies but those remedies were made unavailable to him through the acts of prison officials. There is no due process right to an administrative appeal, and thus any errors during the administrative appeal process

cannot form the basis for habeas relief. The Supreme Court in *Wolff* made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff*, do not include any safeguards during an administrative appeal, nor even a right to appeal at all. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Furthermore, the Court has bypassed the question of whether Mr. Decker exhausted his available remedies to address the merits of his claims. He is not entitled to relief on this ground.

### 6. Non-Grievous Sanctions

Mr. Decker alleges that part of his disciplinary sanctions involved deprivation of commissary, visits and telephone calls. Such deprivations are not subject to review in a federal habeas action. In the prison disciplinary context, to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). Therefore, sanctions such as restitution, or restrictions related to commissary and visits, do not result in the petitioner being "in custody" and are not subject to review in this case. *See Smith v. Neal*, 660 Fed. Appx. 473, 475 (7th Cir. 2016). Mr. Decker is not entitled to relief on this ground.

### 7. Hearing Officer Bias

Mr. Decker alleges that the hearing officer was biased because he is employed by the BOP. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity"

absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the BOP. *See Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. There is no evidence that the hearing officer here was involved in any way in the events underlying the disciplinary charges or in the investigation. Mr. Decker is therefore not entitled to relief on this ground.

### 8. Single Hearing Officer

Mr. Decker complains that the BOP only requires one hearing officer to find an inmate guilty of a disciplinary infraction, but other jurisdictions require two or more decision makers. Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"). Furthermore, the limited due process rights set forth in *Wolff* do not require multiple hearing officers. Accordingly, Mr. Decker is not entitled to relief on this ground.

### 9. No Opportunity to Regain Credit Time

Mr. Decker complains that there is no opportunity for his lost good-time credit to be restored. This claim fails for the same reason as the last. The limited due process rights set forth in *Wolff* do not require that inmates have an opportunity to regain their lost credit. Accordingly, Mr. Decker is not entitled to relief on this basis.

### 10. No Credit for Pre-Hearing Segregation

Mr. Decker's next ground for relief is that time spent in secured housing before the disciplinary hearing was not applied to any disciplinary segregation imposed as a sanction. But because, as discussed above, segregation does not affect the length of an inmate's sentence it cannot be reviewed in a federal habeas proceeding. *See Holleman v. Finnan*, 259 Fed. Appx. 878, 879 (7th Cir. 2008); *Montgomery*, 262 F.3d at 643-44. Mr. Decker is not entitled to relief on this ground.

### 11. Disciplinary Hearings are not Recorded

Mr. Decker complains that disciplinary hearings are not recorded, allowing disciplinary hearing officers to lie about what happened at the hearing on the hearing report. The limited due process rights set forth in *Wolff* do not require the recording of disciplinary hearings. Accordingly, Mr. Decker is not entitled to relief on this basis.

### 12. BOP Lack of Authority

Finally, Mr. Decker argues that the BOP is not authorized to require inmates to serve more than the 85% of their sentence Congress imposes by statute. He is incorrect. Congress authorizes the BOP to credit "up to 54 days" per year of an inmate's sentence if the BOP determines that "the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624. Therefore, under the procedures enacted by Congress, federal inmates are to serve

their entire sentence unless the BOP determines that they are entitled to up to 15% good-time credit. Accordingly, Mr. Decker is not entitled to relief on this basis.

### C. Sufficiency of the Evidence

Although Mr. Decker does not challenge the sufficiency of the evidence, the Court finds that his sanctions were supported by "some evidence." "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The incident report "alone" can "provide[] 'some evidence' for the . . . decision." *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, the incident report which details Mr. Decker's telephone conversations with a female regarding attempts to traffic drugs and a cellphone provides some evidence that Mr. Decker used the telephone for an illegal purpose.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Decker to the relief he seeks. Accordingly, Mr. Decker's petition for a writ of habeas corpus must be **denied**

and the action dismissed.

Judgment consistent with this Entry shall now issue.

**The clerk is directed to** substitute the Warden of the United States Penitentiary in Marion, Illinois as the respondent in this action.

**IT IS SO ORDERED.**

Date: 10/11/2018

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT DECKER
51719-074
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov